UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-00018 |
| | ) | CHIEF JUDGE HAYNES |
| DANIEL QUAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER OF FORFEITURE

WHEREAS, on October 21, 2011, this Court entered a Preliminary Order of Forfeiture as to Defendant Daniel Quail ordering him to forfeit the following property:

(a) any visual depiction described in 18 U.S.C. §§ 2251 or 2252A, of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

(c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property,

including but not limited to the following items: a Dell Dimension 8100 computer, serial number JXJMQ01; a Seagate external hard drive, serial number 5QMODMGX; 2 memory cards; approximately 20 compact discs; approximately 10 VHS tapes; 1 3.5 inch floppy disc; and a photo album, seized from 1089 Sam Houston Circle, Gallatin, Tennessee 37066 on December 29, 2009,

(hereinafter collectively referred to as "Subject Property");

WHEREAS, the United States caused to be published notice of this forfeiture and of the intent of the United States to dispose of the Subject Property in accordance with the law and as specified in the Preliminary Order, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication of notice for a hearing to adjudicate the validity of their alleged legal interest in the property was advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on November 30, 2011 and ending on December 29, 2011;

WHEREAS, there are no other persons or entities known which would require direct notice of this forfeiture action pursuant to 21 U.S.C. § 853(n);

WHEREAS, no timely petition has been filed; and

WHEREAS, the Court finds that the defendant had an interest in the Subject Property which is subject to forfeiture pursuant to 18 U.S.C. § 2253.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Subject Property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that prior to the transfer of ownership, the United States shall ensure that it has "wiped clean" and erased all files from electronic media, including but not limited to, computers, phones, tablets, etc., of any information.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title and interest to the Subject Property is hereby condemned as to the defendant and as to any third party interest, and all right, title and interest to the Subject Property is hereby forfeited and vested in the United States of America, and the Subject Property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

SO ORDERED this ___ day of ____August____, 2013.

_____
CHIEF JUDGE HAYNES
United States District Judge